# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2010

No. 09-40988
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ARCANGEL PELLOT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-440-1

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Arcangel Pellot appeals the district court's revocation of his supervised release. He argues that the evidence was insufficient to prove that he committed indecency with a child by sexual contact in violation of TEXAS PENAL CODE ANN. § 21.11(a)(1). He further argues that the district court erred by failing to give reasons for its revocation of his supervised release.

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court may revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3).

The district court did not abuse its discretion in this case. In considering a challenge to the sufficiency of the evidence, this court views the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the Government. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). Because the testimony of the victim and Pellot conflicted with the testimony of the other witnesses, the district court made credibility determinations in reaching its decision. This court affords great deference to a district court's credibility findings. *Id.* at 791. The district court did not abuse its discretion in finding that Pellot had committed the indecency offense.

Pellot's argument raised for the first time on appeal that the district court failed to give reasons for its revocation of his supervised release is reviewed for plain error.[1] *See United States v. Myers*, 198 F.3d 160, 166 (5th Cir. 1999); *see also United States v. Magwood*, 445 F.3d 826, 828 (5th Cir. 2006). To show plain error, Pellot must establish a clear or obvious error that affected his substantial rights. *See Puckett v. United States,* 129 S.Ct. 1423, 1429 (2009). Pellot, however, does not attempt to show that any error by the district court affected his substantial rights and has not satisfied the standard of plain error review. *Id.*

---

[1]At the hearing on the motion to revoke the district court clearly and correctly noted that the motion alleged "a law violation, indecency with a child by sexual conduct, in violation of Texas Penal Code 21.11, on or about March 14, 2009, in Cameron County, Texas," and ascertained that pellot understood the allegation. There was no other violation alleged. At the conclusion of the hearing the court stated to Pellot: "I do find that you did violate the terms and conditions of your supervision, as alleged in the allegation," and revoked his supervised release and sentenced him to 30 months' confinement followed by 30 months' supervised release. The written judgment of the same date recites that Pellot was found guilty of "Law Violation – Indecency with a Child by Sexual Contact 03-14-09."

Accordingly, the district court's judgment is AFFIRMED.