# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50671

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

BRIAN TERRELL PHEA, also known as Brian Phea,

      Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINSON and WILLETT, Circuit Judges, and BROWN, District Judge.*

PER CURIAM:

Brian Phea was convicted under 18 U.S.C. § 1591(a) for the prostitution of a 14-year-old girl. Following Phea's unsuccessful direct appeal, the district court denied his § 2255 petition in which he contended his trial and appellate attorneys rendered ineffective assistance by failing to argue the superseding indictment was constructively amended. Because we conclude trial counsel rendered ineffective assistance by failing to object to an obvious constructive amendment, we reverse.

---

* District Judge of the Northern District of Mississippi, sitting by designation.

No. 17-50671

I

On June 27, 2012, the Government filed a superseding indictment against Phea.[1] Count One alleged that Phea, in violation of 18 U.S.C. § 1591(a):

> knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means in and affecting interstate commerce "Jane Doe" knowing that "Jane Doe" had not attained the age of 18 years and that "Jane Doe" would be caused to engage in a commercial sex act.

Count Two alleged a violation of 18 U.S.C. § 1952(a)(3), aiding and abetting the promotion of a business enterprise involving prostitution. The "Jane Doe" referenced in the superseding indictment was K.R., a 14-year old girl.

In its proposed jury instructions filed the day after jury selection, the Government expressly abandoned the term "knowing" in Count One with respect to Phea's awareness of K.R.'s age.[2] The Government proposed the jury be instructed that "[i]f the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person . . . then the Government does not have to prove that the defendant knew that the person had not attained the age of 18 years." This language tracks § 1591(c), which then provided in full:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years.

18 U.S.C. § 1591(c) (2012).

In instructing the jury, the district court declined to omit the term

---

[1] The superseding indictment contained three counts against Phea. The third count, a violation of 18 U.S.C. § 2422(b), was dismissed at the Government's request.

[2] The Government stated in its proposed jury instructions that it was "abandoning the 'knowing' modifier in the indictment in Count One that presently reads as follows: 'knowing that "Jane Doe" had not attained the age of 18 years.'"

2

No. 17-50671

"knowing" from the instruction on Count One, which was identical to the language of that count in the superseding indictment. However, the district court also instructed the jury using the following language, which did not appear in the superseding indictment:

> If the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the defendant knew that the person had not attained the age of eighteen (18) years.

Phea's trial counsel did not object to the instruction.

In closing arguments, the Government told the jury that if Phea "had a reasonable opportunity to observe [K.R.], then we don't have to prove that he knew her age . . . ." It also argued that it did not matter whether K.R. told Phea that she was 17 "because of the reasonable opportunity to observe." On July 10, 2012, the jury convicted Phea on both counts.

The district court sentenced Phea to 312 months of imprisonment and 25 years of supervised released for the violations of §§ 1591(a). He was sentenced to 60 months of imprisonment and three years of supervised release for the violation of § 1952(a)(3).[3] The sentences for the convictions were to run concurrently.

On direct appeal, Phea's appellate counsel[4] argued the charge to the jury was erroneous because it "permitted the jury to reach a guilty verdict solely on the basis that Phea had a reasonable opportunity to observe K.R." *United States v. Phea*, 755 F.3d 255, 260 (5th Cir. 2014). This court, reviewing the charge for plain error because counsel had not objected at trial, concluded that

---

[3] The sentence for Count II, which is not challenged in this appeal, included special terms for sex offenders.

[4] A different attorney than his trial counsel represented Phea on direct appeal.

"[a]ny error in the jury instruction could not have been plain" because the Fifth Circuit had not yet addressed whether § 1591 permits a conviction "based solely on a finding that the defendant had a reasonable opportunity to observe the victim." *Id.* at 262–63. Ultimately, this court affirmed Phea's convictions. *Id.* at 269. The Supreme Court denied certiorari. *Phea v. United States*, 574 U.S. 965 (2014).

Phea, acting pro se, challenged his conviction under § 1591(a) in an unsuccessful 28 U.S.C. § 2255 motion premised on ineffective assistance of counsel. The district court rejected this challenge on the grounds that neither Phea's appellate counsel nor trial counsel was deficient and that any deficiency did not actually prejudice Phea. This court granted a certificate of appealability on the issue of whether trial counsel or appellate counsel rendered ineffective assistance by failing to argue that the superseding indictment was constructively amended.

II

When evaluating the denial of a § 2255 motion, the court of appeals reviews factual findings for clear error and conclusions of law de novo. *United States v. Olvera*, 775 F.3d 726, 728–29 (5th Cir. 2015). A claim of ineffective assistance of counsel is a mixed question of law and fact that this court reviews de novo. *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012). Under this standard, we "independently apply[] the law to the facts found by the district court, as long as the district court's factual determinations are not clearly erroneous." *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009) (citation omitted).

The right to counsel guaranteed by the Sixth Amendment includes "the right to the effective assistance of counsel." *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). A

No. 17-50671

defendant claiming ineffective assistance of counsel must prove (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "any such deficiency was prejudicial to the defense." *Id*. (quotation marks omitted).

A

The required objective standard of reasonableness is viewed "in light of the circumstances as they appeared at the time of the conduct" and is "measured by prevailing professional norms." *Murphy v. Davis*, 901 F.3d 578, 589 (5th Cir. 2018) (quotation marks omitted). In making this determination, "courts apply a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Halprin v. Davis*, 911 F.3d 247, 258 (5th Cir. 2018) (quotation marks omitted).

While counsel need not anticipate changes in the law, *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009), the absence of directly controlling precedent does not preclude a finding of deficient performance, *see United States v. Juarez*, 672 F.3d 381, 387 (5th Cir. 2012) (holding that counsel was deficient for failing to raise a defense not previously considered by this court when reasonable investigation would have revealed legal authority that made the defense plausible).

In this case, Phea argues his counsel was deficient for failing to object to the jury instruction that constructively amended the charges against him. A constructive amendment of the indictment "occurs when the trial court through its instructions and facts it permits in evidence, allows proof of an essential element of the crime on an alternative basis provided by the statute but not charged in the indictment." *United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010) (quotation marks omitted); *see United States v. Doucet*, 994 F.2d 169, 171–73 (5th Cir. 1993).

Count One of the superseding indictment against Phea charged a

No. 17-50671

violation of 18 U.S.C. § 1591(a) and alleged Phea actually knew K.R. was under the age of 18. The superseding indictment made no reference to subparagraph (c) or its "reasonable opportunity to observe" language. The Government then expressly abandoned its actual-knowledge theory in its proposed jury instructions, and the district court instructed the jury on both the actual-knowledge theory alleged in the superseding indictment and the "reasonable opportunity to observe" language in § 1591(c).[5] Thus, the trial court not only eliminated the scienter requirement of actual knowledge, the element Phea was indicted under, but lowered the factual basis required to prove this essential element from what Phea knew to what he had the reasonable opportunity to observe. *United States v. Phillips*, 477 F.3d 215, 222 (5th Cir. 2007) (stating that the district court's instruction altering scienter "plainly modified an essential element of the charged offense"). Because no objection was made, trial counsel's performance was deficient.[6]

B

Ordinarily, to show prejudice, "*Strickland* requires [a defendant] to show a reasonable probability that, but for counsel's unprofessional errors, the result

---

[5] The Government's closing argument emphasized that the jury could find a reasonable opportunity to observe in lieu of actual knowledge.

[6] In *Ricalday v. Procunier*, our court found that a similar fact pattern constituted a variance instead of a constructive amendment. 736 F.2d 203, 207 (5th Cir. 1984). However, the petitioner in *Ricalday* was convicted on state, not federal, charges. *Id.* And, because constructive amendments violate the Fifth Amendment's grand jury clause, *United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012) (stating that "constructive amendment[s] [are] . . . violation[s] of the Grand Jury Clause"); *United States v. Lawton*, 995 F.2d 290, 292 (D.C. Cir. 1993) (same), and the grand jury clause is not incorporated against the states, *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972), the *Ricalday* court was precluded from finding a constructive amendment to the state charges. Our view of *Ricalday*— implicitly rejecting that constructive amendments apply to the state charges—is bolstered by its citation to *Tarpley v. Estelle*, a case noting that "at least one court" had found a constructive amendment to violate the Sixth Amendment as applied in state proceedings. 703 F.2d 157, 161 n.5 (5th Cir. 1983). Here, Phea is subject to federal charges, hence the constitutional protection against constructive amendment applies.

of the proceeding would have been different." *Austin v. Davis*, 876 F.3d 757, 785 (5th Cir. 2017) (quotation marks omitted). The defendant "need only show a probability sufficient to undermine confidence in the outcome." *Id.* (quotation marks omitted). Although successful direct challenges to constructive amendments are ordinarily "reversible per se," *United States v Chambers*, 408 F.3d 237, 241 (5th Cir. 2005) (quotation marks omitted), Phea challenges this constructive amendment through the ineffective assistance of counsel vehicle. In an abundance of caution, we apply the traditional *Strickland* prejudice test asking whether the defendant has shown that there is a reasonable probability the jury would have had reasonable doubt as to the defendant's guilt of the offense as charged by the indictment.

Under this approach, Phea must show that the jury would have had reasonable doubt that he knew K.R. was under the age of 18. Phea's trial defense was that he did not know K.R. was under the age of 18. This was a good defense to the conduct charged in the indictment but not to the near-unassailable charge that Phea had a reasonable opportunity to observe the victim.

Phea originally located K.R. on Tagged.com, where K.R.'s online profile stated that she was 18-years old, though she was then 14-years old. K.R. testified Phea thought she was 18 and that she only told Phea she was under 18 after Phea's alleged crime; though she later testified that she told Phea through messages on Tagged.com that she was 17. In contrast, Phea testified K.R. never told him on Tagged.com that she was under 18; in fact, he testified that she told him she was 18 and was a stripper. But the transcripts of the Tagged.com messages between K.R. and Phea made no mention of K.R.'s age. Though they did show that K.R. stated she was "trying to go to the club." In addition to their conversations on Tagged.com, Phea and K.R. communicated

by text message and by telephone.[7]

During their conversations, K.R. agreed to travel alone by bus from Houston, Texas, to meet Phea in Amarillo, Texas. Phea initially tried to purchase a plane ticket for K.R. but was unable to do so because K.R. did not have a form of government-issued identification. Phea picked her up at the bus station in Amarillo. That night, Phea and K.R., who was described as "young" in appearance by police officers, went to a bar. Afterwards, they had sex at Phea's mother's house. Phea drove K.R. to a hotel in Odessa, Texas, the following day. Phea paid for the hotel. During their travels, Phea observed K.R. refer to her "mom" or "mama" during conversations using Phea's phone.

Soon after arriving in Odessa, K.R. had sexual relations with a man at Phea's direction. The man paid K.R. $140, which Phea took from her. During this trip, Phea heard that K.R. engaged in a fistfight, and K.R. and Phea stayed up until five a.m. one morning. The morning after, a friend of K.R. picked her up from the hotel. Police stopped them during their drive back to Houston. K.R. initially told the officers she was 19-years old but admitted her true age ten to fifteen minutes later. After the traffic stop, K.R. called Phea and told him that she was 17.

Considering this evidence, most notably that K.R.'s Tagged.com profile said she was 18, her own belief that Phea believed she was 18, and her apparent autonomy and willingness/ability to engage in "adult" activities, there is a reasonable probability a jury would have had reasonable doubt that Phea knew K.R. was under 18. This undermines our confidence in the outcome of the verdict. Thus, trial counsel's deficient performance prejudiced Phea. We therefore hold that Phea's trial counsel rendered ineffective assistance in failing to object to the superseding indictment's constructive amendment.

---

[7] The telephonic records are unfortunately minimal and unhelpful.

## No. 17-50671

Because we hold that Phea's trial counsel rendered ineffective assistance, we need not reach Phea's claim as to his appellate counsel.

### III

The judgment of the district court is REVERSED and Phea's conviction under § 1591(a) is VACATED. We REMAND for further proceedings consistent with this opinion.