# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2021

Lyle W. Cayce
Clerk

No. 19-30130

United States of America,

*Plaintiff—Appellee*,

*versus*

Thomas A. Nelson, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-782

Before Higginbotham, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Thomas A. Nelson, Jr. moved to vacate his sentence under 28 U.S.C. § 2255 on the basis that constitutionally ineffective counsel caused him to reject a plea offer and to stand trial. The district court denied Nelson's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

motion, finding that he did not show prejudice from any alleged ineffective assistance of counsel.[1] We granted a certificate of appealability on this claim.

Whether counsel was constitutionally ineffective is a mixed question of law and fact that we review *de novo*. *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020). We "independently apply[] the law to the facts found by the district court, as long as the district court's factual determinations are not clearly erroneous." *Ramirez v. Dretke*, 396 F.3d 646, 649 (5th Cir. 2005).

To prove ineffective assistance of counsel, Nelson must show that his counsel's performance was deficient and the deficiency caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because Nelson alleges that deficient counsel caused him to reject a plea agreement, to show prejudice he must demonstrate that: (1) but for the ineffective counsel, there is a reasonable probability that he would have accepted the plea; (2) the court would have accepted its terms; and (3) the conviction or sentence would have been less severe. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

The district court made a factual finding that Nelson would have insisted on going to trial regardless of his attorney's advice. After considering the parties' briefs, record, and oral arguments, we conclude that the record supports this factual finding. Because there is no reasonable probability that Nelson would have pled guilty, he failed to show prejudice. *See id*. We may affirm on that basis without evaluating whether counsel's performance was deficient. *See Strickland*, 466 U.S. at 697.

AFFIRMED.

---

[1] The district court also denied relief on the basis that the conviction was invalid under *McDonnell v. United States*, 136 S. Ct. 2355 (2016). At oral argument, Nelson's counsel withdrew his claims under *McDonnell*.