# United States Court of Appeals for the Fifth Circuit

No. 23-40372

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerardo Ibarra,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-116

Before Richman, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gerardo Ibarra, federal prisoner #11626-509, pleaded guilty to one count of possession of child pornography and was sentenced to 100 months in prison, to be followed by ten years of supervised release. He did not appeal his conviction or sentence. While serving his sentence, Ibarra filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, asserting in pertinent part that his trial counsel, Attorney Fred Jimenez, was

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

constitutionally ineffective for failing to appeal after sentencing. The district court conducted a limited evidentiary hearing on this claim, which included testimony from Ibarra and Jimenez. The district court subsequently denied Ibarra's § 2255 motion, and Ibarra appealed. We AFFIRM the judgment of the district court.

## I

In April 2018, the Federal Bureau of Investigations ("FBI") conducted an online investigation of a peer-to-peer file-sharing network looking for potential offenders sharing child pornography. Through this investigation, agents identified child pornography files associated with an Internet Protocol ("IP") address in Corpus Christi, Texas. An agent was able to download 375 complete or partial files of child pornography from this IP address. The FBI obtained a search warrant for the Corpus Christi residence utilizing the identified IP address, which resulted in the seizure of a laptop and two cell phones belonging to Ibarra. Agents also interviewed Ibarra, who admitted that he had accessed child pornography and that child pornography images would be located on his laptop. A forensic examination revealed child pornography on the laptop, including numerous images and videos involving prepubescent victims.[1]

A federal grand jury indicted Ibarra with three counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Ibarra pleaded guilty to one count of possession of child pornography pursuant to a plea agreement with the Government. Included as part of his plea agreement was Ibarra's waiver of the right to appeal or collaterally attack

---

[1] One such video was alleged as Count One of the indictment. That video, entitled "922.part," depicted an adult male performing oral sex and anally penetrating with his penis a pre-pubescent female approximately eight to ten years old.

No. 23-40372

his conviction or sentence, except for claims of ineffective assistance of counsel.

Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"), which calculated a total offense level of 30 and a criminal history category of I, resulting in an advisory guidelines range of 97 to 121 months' imprisonment. Ibarra filed objections to the PSR's application of four enhancements to his offense level: (1) U.S.S.G. § 2G2.2(b)(3)(F)'s two-level enhancement for Ibarra's distribution of child pornography through the use of peer-to-peer sharing programs; (2) U.S.S.G. § 2G2.2(b)(4)(A)'s four-level enhancement for possession of material portraying sadistic or masochistic conduct or other depictions of violence; (3) U.S.S.G. § 2G2.2(b)(6)'s two-level enhancement for the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the materials; and (4) U.S.S.G. § 2G2.2(b)(7)(D)'s five-level enhancement for the involvement of 600 or more images. At Ibarra's sentencing on June 2, 2021, the district court considered and overruled each of Ibarra's objections and adopted the PSR's findings. It sentenced Ibarra to 100 months' imprisonment followed by ten years of supervised release as to one count of possession of child pornography, dismissing the remaining two counts of the indictment. Ibarra did not appeal his conviction or sentence.[2]

---

[2] Ibarra contends that he "tried to file two different documents with the district court about his sentencing, but because of his lack of knowledge and imperfect English, neither was construed to be a notice of appeal by the court." Those documents were (1) a letter requesting a possible sentence reduction should Ibarra complete the Sex Offender Treatment Program, and (2) a "motion for new hearing" in which Ibarra said he was not aware of options he may have had before signing his plea agreement and that he "might have chosen a different direction if [he] had received better counsel." The district court denied the motion for a new hearing without prejudice, advising Ibarra that the proper

No. 23-40372

On May 26, 2022, while serving his sentence, Ibarra filed a motion under 28 U.S.C. § 2255, asserting, *inter alia*, that his trial counsel, Attorney Fred Jimenez, was constitutionally ineffective for failing to file a notice of appeal as Ibarra requested.[3] Ibarra specifically argued that he "was not happy after his sentencing because he didn't think the sentence was fair," and that he "made this clear to [Jimenez] in the days immediately following his sentence." According to Ibarra, Jimenez refused to file the appeal, telling Ibarra that he "couldn't or wouldn't do so because of the appeal waiver." Ibarra further stated that he asked Jimenez about contacting other attorneys to represent him in his appeal, but that Jimenez told him they would "just take his money and do nothing for him."

At the Government's request, the district court held a limited evidentiary hearing on Ibarra's failure-to-file claim. The district court first heard testimony from Ibarra. On direct questioning by defense counsel, Ibarra testified that he met with Jimenez after sentencing, during which he mentioned his unhappiness with the sentence and his intention to appeal. Ibarra stated that he specifically wished to challenge on appeal the application of the four enhancements he previously objected to. Ibarra further testified that Jimenez responded by informing Ibarra that he had lost his right to appeal. He also testified as to the steps he took to file an appeal after Jimenez allegedly refused to file a notice of appeal, including contacting several other attorneys for assistance. Ibarra asserted that one attorney advised him that he had fourteen days left to file an appeal, after which Ibarra mailed a letter

─────────────────────

vehicle to raise an ineffective assistance of counsel claim was "through a direct appeal, if otherwise permitted, or through a collateral review under 28 U.S.C. § 2255."

[3] Ibarra's original § 2255 motion raised three other grounds for relief. Ibarra then filed a supplemental § 2255 motion, raising one additional ground for relief. Only the failure-to-file issue is relevant to this appeal.

4

to the district court before the appeal deadline expressing his "intention to file for an appeal."[4]

When asked during direct questioning by the district judge whether he "state[d] that [he] had every intention of appealing," Ibarra responded: "I think I remember mentioning something like this, or I implied that I wasn't happy and I wanted to do something about it. . . . Implicitly." The district court sought to clarify Ibarra's response, asking him whether he expressly told Jimenez that he wished to appeal, to which Ibarra said: "Yes, I know I wanted to appeal and I mentioned something like this . . . ." Ibarra further testified that he "always had the intention to appeal and [he] still do[es]."

The district court then heard testimony from Jimenez, who repeatedly testified that it was his standard practice to file a notice of appeal when directed to do so by a client, but that Ibarra never expressly directed him to appeal. For instance, upon questioning by the Government, Jimenez testified that had he been directed to appeal, he would have filed a notice and a motion to have an attorney represent Ibarra because he believed Ibarra was indigent by the time he finished the case. Jimenez further stated that his procedure in all cases after sentencings is to walk back with the defendants to their holding cells and discuss with them their sentences and any other options they may have, as well as answer any questions they may have. Jimenez testified that this was "exactly what [he] did with [ ] Ibarra."

Jimenez said that he could "see the disappointment in [ ] Ibarra's face," and that the two men "talked about an appeal." Jimenez testified that he advised Ibarra that an appeal was likely futile and not "going to help

_____

[4] During closing argument, the Government argued that the pro se letters Ibarra mailed to the court did not mention the word "appeal" and, even liberally construed, could not be considered as a notice of appeal.

[him]" because he confessed and pleaded guilty, and his plea agreement contained an appeal waiver. But Jimenez stated that he never told Ibarra that he could not appeal because of the appeal waiver. Jimenez further testified that Ibarra never told him, "I want to appeal," nor did Ibarra otherwise direct him to file a notice of appeal before or after sentencing. Likewise, in response to a question posed by the district court, Jimenez stated that he routinely discusses appeals with his clients after sentencing, and that Ibarra might have asked him what he thought about appealing, but Ibarra never directly asked Jimenez to file an appeal.

On May 4, 2023, the district court denied Ibarra's § 2255 failure-to-file claim. The court concluded that Jimenez's testimony was "credible," specifically crediting his testimony that Ibarra never explicitly asked him to file an appeal—which Jimenez was "adamant" about. It also credited Jimenez's testimony that it was his standard practice to file a notice of appeal when asked to do so by a client. By contrast, the district court found Ibarra's testimony "less credible" due to the inconsistencies in his testimony about whether he expressly or impliedly asked Jimenez to file an appeal. Based on this evidence, the district court determined that Ibarra "did not explicitly state that he wanted to appeal" and thus Jimenez was not ineffective for failing to appeal. After denying Ibarra's remaining § 2255 grounds for relief in a separate order, the district court entered final judgment on July 31, 2023.

Ibarra, proceeding pro se, filed a timely notice of appeal from the denial of his § 2255 motion and requested a certificate of appealability ("COA"). A panel of this court granted the COA solely on whether

counsel's failure to file a direct appeal after sentencing constituted ineffective assistance.[5]

## II

On appeal from the denial of a § 2255 motion, we review factual findings for clear error and conclusions of law de novo. *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024) (quoting *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (per curiam)). "A claim of ineffective assistance of counsel is a mixed question of law and fact that this court reviews de novo." *Id.* (quoting *Phea*, 953 F.3d at 841).

The Sixth Amendment guarantees criminal defendants "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To raise a viable claim of ineffective assistance of counsel, a defendant must demonstrate, under the two-prong *Strickland* test, that (1) his attorney's performance was deficient and (2) this substandard performance prejudiced his defense. *Id.* at 687–88, 692. The Supreme Court has recognized, however, that "[i]n certain Sixth Amendment contexts, prejudice is presumed." *Id.* at 692. "[M]ost relevant here, prejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" *Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). This "presumption applies even when the defendant has signed an appeal waiver." *Id.* Prejudice is also presumed without need for a "further showing from the defendant of the merits of his underlying claims." *Flores-Ortega*, 528 U.S. at 484; *see also Rodriquez v. United States*, 395 U.S. 327, 330 (1969) (rejecting a rule that required a defendant whose appeal had been

---

[5] Because Ibarra failed to challenge the denial of § 2255 relief on any other basis, the panel concluded that Ibarra had abandoned all other possible issues on appeal.

forfeited by counsel "to specify the points he would raise were his right to appeal reinstated"). Therefore, with regard to prejudice, Ibarra need only show that "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. Taking Ibarra at his word that Jimenez's "performance deprive[d] [Ibarra] of an appeal that he otherwise would have taken," Ibarra's challenge turns exclusively on the first *Strickland* prong: whether Jimenez's performance was constitutionally deficient. *See id.*

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (first citing *Rodriquez*, 395 U.S. 327; and then citing *Peguero v. United States*, 526 U.S. 23, 28 (1999)). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id.* Conversely, when a defendant expressly tells his attorney not to appeal, he "plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). But the Court in *Roe v. Flores-Ortega* recognized that there are also cases such as this that lie somewhere "between those poles," wherein "the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken." *Id.* at 477–78. In those cases, the first line of inquiry is "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478.

As the Court explained, a constitutionally imposed duty to consult with a defendant about an appeal exists whenever there is reason for counsel to think "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. "Consult" in these circumstances means advising "the defendant about the advantages and disadvantages of

taking an appeal" and making "a reasonable effort to discover [his] wishes." *Id.* at 478. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express* instructions with respect to an appeal." *Id.* (emphasis added); *see also Garza*, 586 U.S. at 242 ("Where . . . a defendant has *expressly* requested an appeal, counsel performs deficiently by disregarding the defendant's instructions." (emphasis added)).

It is clear from the record here that Jimenez did consult with Ibarra about an appeal. Both Ibarra and Jimenez testified at the evidentiary hearing that they spoke about an appeal following Ibarra's sentencing. Ibarra likewise stated in his opening brief that he "had multiple conversations with [Jimenez] about appealing and not being happy with the outcome." Both men also testified that Jimenez counseled Ibarra on the impact of his waiver on his right to appeal. And Jimenez testified that he followed his standard protocol of conferring with Ibarra after sentencing, answering Ibarra's questions and advising him of his options, including an appeal, which Jimenez expressed to Ibarra was likely futile.

But what is less clear is whether Ibarra subsequently gave Jimenez "express instructions" to file a notice of appeal. *See Flores-Ortega*, 528 U.S. at 478. The district court opted to credit Jimenez's testimony on this point. It specifically found credible Jimenez's testimony that Ibarra never explicitly asked him to file an appeal—which Jimenez emphatically reiterated at the hearing. On the other hand, the district court found Ibarra's testimony less credible, noting that although Ibarra initially testified that he told Jimenez to file an appeal, his later testimony that he merely "implied" or told "something like" this to Jimenez casted doubt on the veracity of his testimony. Based on this evidence, the district court concluded that Ibarra did not explicitly state that he wanted to appeal.

Not only are the district court's factual findings well-supported by the record, but they are also afforded deference by this court under the clearly erroneous standard of review. *See Owens*, 94 F.4th at 486; *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[F]indings . . . based on determinations regarding the credibility of witnesses . . . demand[] even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." (citation omitted)); *Johnson v. Collins*, 964 F.2d 1527, 1532 (5th Cir. 1992) ("When findings of fact are based on credibility determinations regarding witnesses, we must show even more deference to the trial court's findings."); *United States v. Pellot*, 395 F. App'x 128, 129 (5th Cir. 2010) (stating that "[t]his court affords great deference to a district court's credibility findings" when there is conflicting witness testimony). Ibarra has failed to show that the district court's credibility determinations and findings of fact were clearly erroneous. Indeed, Ibarra's opening brief also undermines his claim that he expressly told Jimenez to appeal. Ibarra argues that he "did not have any understanding of the appeal process," and "[i]f he had, he would have simply directed counsel to file a notice of appeal on his behalf instead of talking to him multiple times to try to understand and be understood and calling other attorneys as well." This, coupled with his inconsistent testimony at the evidentiary hearing, convinces us that the district court did not err in finding that Ibarra never expressly directed Jimenez to appeal. And without such express directive, Ibarra's failure-to-file claim fails. *See Flores-Ortega*, 528 U.S. at 478; *Garza*, 586 U.S. at 247.

## III

Accordingly, we AFFIRM the judgment of the district court.