**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-60561
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FREDERICK FRANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Mississippi

_____

October 27, 2000

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and POGUE, Judge[1].

W. EUGENE DAVIS, Circuit Judge:

Franks challenges the district court's dismissal of his § 2255 petition based on a single claim: his counsel was ineffective in failing to object to the sentencing judge's erroneous enhancement of his sentence. For the reasons that follow, we REVERSE and REMAND the judgment of the trial court.

I.

Appellant Frederick Franks was indicted on charges of armed bank robbery and using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C.

_____

[1]Judge of the U.S. Court of International Trade, sitting by designation.

§ 924(c).  Following his conviction by a jury on both counts, the court sentenced him to 74 months for the bank robbery plus a consecutive sentence of 60 months for the firearms offense, for a total of 134 months.  In Franks' § 2255 petition, he challenged the district court's two-level enhancement to his sentence under United States Sentencing Guideline § 2B3.1(b)(2)(F) for an express threat of death.  He also asserted that his counsel had been ineffective for failing to object to this alleged error.  The district court denied Franks' § 2255 motion and dismissed the ineffective assistance of counsel claim as meritless on the ground that no significant difference existed between the sentence Franks received and the sentence he would have received under a correct application of the guidelines.  Franks now challenges that ruling.

II.

Franks argues that his attorney provided ineffective assistance of counsel by failing to object to the enhancement of his sentence under § 2B3.1(b)(2)(F).  To establish ineffective assistance, Franks must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the results of the proceedings would have been different without the attorney's errors. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65 (1984).  Failure to establish deficient performance or prejudice defeats an ineffective assistance claim.  Id. at 697, 104 S.Ct. at 2069.

A.

2

In order to determine whether Franks' attorney committed error in not objecting to the district court's enhancement of Franks' sentence, we first consider the correctness of that ruling.

The factual basis the trial court relied on for the express threat of death enhancement was the trial testimony of the bank teller, Mrs. Chailland. The trial court summarized this testimony as follows:

> Mrs. Shyland [sic] testified she arrived at the bank about 8:20 the morning of June 25 and entered through the back door. Before she could relock the door, a man burst through it with such force as to knock her out of her shoes and hurl her sprawling in the floor. When she looked up, the intruder was standing over her with a gun ordering her to 'turn off the alarms.' He ordered her to open the vault, and as she knelt down to operate the combination, he stood over her holding the gun on her saying repeatedly: 'If the police come, I'll shoot you.' She was 'scared to death' and concerned about what might happen to her co-worker if she arrived while the robbery was in progress. The robber kept repeating he would shoot her if the police arrived, and he had the gun to her head, and when he pointed it at her, he held it with both hands. She was so upset she could not look at him and was still so shaken when the police arrived that she could not give a detailed description because 'if somebody holds a gun to your head, you don't calm down anytime soon.'

Sentencing Guideline § 2B3.1(b)(2)(A-F) provides enhancements for sentencing in a robbery conviction for the use of a firearm, use of a dangerous weapon, or for an express threat of death made by the defendant during the course of a robbery. However, Application Note 2 to § 2K2.4 provides that where a defendant convicted of robbery is also convicted under 18 U.S.C § 924(c) or

3

§ 929(a) for the use of a firearm in connection with a robbery and sentenced under the mandatory provisions for those offenses, "any specific offense characteristic for the possession, use, or discharge of a firearm (e.g. §2B3.1(b)(2)(A)-(F) (Robbery)), is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. §2K2.4, Application Note 2.

Thus, it is clear that under the sentencing guideline provisions cited above, the offense level for robbery may not be enhanced for the use of a firearm if the defendant has also been convicted of using a firearm during that robbery, which carries a mandatory sentence. See, e.g., United States v. Washington, 44 F. 3d 1271, 1280 (5th Cir. 1995); United States v. Rodriquez, 65 F. 3d 932, 933 (11th Cir. 1995). The question presented in this appeal is whether a threat of death -- particularly a threat related to the use of the firearm -- is covered under the application note quoted above so that the district court is precluded from enhancing a sentence on this ground.

Franks argues that the "e.g. clause" of Application Note 2 makes it clear that the answer to this question is in the affirmative. Sentencing Guideline § 2B3.1(b)(2)(F) establishes the enhancement for an express threat of death and the "e.g. clause" to Application Note 2 specifically refers to that section in stating that the enhancement may not be applied where a defendant is also convicted and given a mandatory sentence for the use of a firearm in connection with that crime.

The Sixth and Ninth Circuits have adopted this view, and we

agree.  See, e.g., <u>United States v. Smith</u>, 981 F. 2d 887, 893 (6th Cir. 1992); <u>United States v. Duran</u>, 4 F. 3d 800, 804 (9th Cir. 1993).[2]  We also agree with the Eighth Circuit qualification that this enhancement is precluded only where the express threat of death is related to the use of a firearm.  <u>United States v. Triplett</u>, 104 F. 3d 1074, 1081-82 (8th Cir. 1997).

In summary, we agree with all circuit courts who have considered this question that § 2K2.4 seeks to avoid "double counting" under these circumstances, and "double counting" would occur if a defendant were sentenced for the use of a firearm during the commission of a robbery and also enhanced at the sentencing phase for threatening the victim of the robbery with the firearm. We therefore hold that an express threat of death may not be used to enhance a defendant's sentence under § 2K2.4 when he is also convicted of a violation of § 924(c) if the threat of death is related to "the possession, use, or discharge" of the firearm for which he was convicted under § 924(c).  As is clear from the trial testimony here, the threat of death Franks made was plainly related to the use of the firearm.  Therefore, the district court erred in

---

[2]The <u>Smith</u> court stated,
> [I]n view of Application Note 2 to the Commentary for U.S.S.G. § 2K2.4, it is clear that the Sentencing Commission viewed an expressed threat of death as the equivalent of possession, use, or discharge of a firearm in the course of a robbery, and intended that the enhancement under § 2B3.1(b)(2)(D) for an express threat of death should not be applied where the defendant is convicted of the violation of 18 U.S.C. § 924(c).

<u>Id.</u> at 893.

5

enhancing Franks' sentence under § 2B3.1(b)(2)(F).

To establish an ineffective assistance of counsel claim, a defendant must first show that counsel's failure to raise an issue fell "below an objective standard of reasonableness." United States v. Phillips, 210 F. 3d 345, 348 (5th Cir. 2000). In this case, Franks' counsel made no objection to the enhancement of his sentence, in the face of three circuit court of appeals' decisions holding the enhancement to be improper under these factual circumstances. Counsel's failure to object falls below this objective standard of reasonableness, and Franks has satisfied the first prong of his ineffective assistance of counsel claim.

B.

To show prejudice from this deficient performance, Franks must also show "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F. 2d 85, 88 (5th Cir. 1993). The prejudice prong is satisfied, however, "when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing -- such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony -- which would not have occurred but for counsel's error." United States v. Phillips, 210 F. 3d at 351; Spriggs, 993 F. 2d at 88, n.4. Without the improper enhancement, Franks' offense level would have been reduced from 27 to 25 and his guideline range from 70-87 months to 57-71 months. Franks was sentenced to 74 months -- three months longer than the maximum permissible guideline sentence

6

had the Sentencing Guidelines been applied properly. Therefore, the alleged error here did result in a specific, demonstrable increase in sentencing, and Franks suffered prejudice because of it.

## III.

For the reasons stated above, we conclude that the district court erred in rejecting Franks' ineffective assistance of counsel claim and in dismissing Franks' § 2255 petition. We therefore REVERSE the district court's judgment and REMAND this case to the district court for resentencing consistent with this opinion.