**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2259
_____

UNITED STATES OF AMERICA

v.

VICTOR MANZANILLO,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2:22-cr-00617-001)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 28, 2024
_____

Before:  CHAGARES, Chief Judge, PORTER, and CHUNG, Circuit Judges.

(Filed: November 5, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Victor Manzanillo pled guilty to several Hobbs Act robberies and conspiracies, wire fraud, and aggravated identity theft. He argues that his trial counsel was ineffective for failing to inform him about the details of his plea agreement, file dispositive motions, or provide him with discovery materials, as well as for not challenging an increase in his offense level under the U.S. Sentencing Guidelines ("Guidelines"). For the reasons below, we will affirm the judgment of the District Court.

I.

We write primarily for the parties and so recite only those facts pertinent to our decision. In February and March 2020, Manzanillo and multiple co-conspirators robbed four cellphone stores. In some of these robberies, they physically restrained and threatened the stores' employees. Manzanillo and another co-conspirator also stole store customers' personal information to create fake drivers' licenses and fraudulently purchase electronic devices.

Manzanillo signed a plea agreement with the Government and pled guilty to a ten-count information. Counts 1–8 charged him with committing and conspiring to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); Count 9 charged him with wire fraud, id. § 1343; and Count 10 charged him with aggravated identity theft, id. § 1028A(a)(1). Through counsel, he stipulated to a final offense level of 24 under the Guidelines, along with a mandatory consecutive term of imprisonment of 24 months for the aggravated identity theft charge. Though he waived his right to appeal his sentence in the plea

agreement, he did not give up the right to assert an ineffective assistance of counsel claim.

The District Court sentenced Manzanillo to 96 months of imprisonment: the mandatory 24-month term for the aggravated identity theft count and 72 months for the other nine counts. This sentence was based on a final offense level of 24, the 24-month mandatory minimum, and a Category III criminal history, for which the Guidelines recommended 87 to 102 months of imprisonment. Manzanillo timely appealed.

## II.[1]

Manzanillo asserts that his trial counsel was ineffective before and after his guilty plea. He first argues that his trial counsel did not sufficiently inform him about the plea agreement, move to dismiss the prosecution, or allow him access to discovery materials. He then argues that his trial counsel should have challenged the plea agreement, which allegedly miscalculated his offense level. His first argument is unsuitable for direct appeal, and his second lacks merit.

## A.

We first consider Manzanillo's allegations of ineffective assistance prior to his guilty plea. Manzanillo asserts that his lawyer lied to him about his criminal history calculation, forcing him to accept a Category III criminal history rather than Category II.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review Manzanillo's conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings." United States v. Scripps, 961 F.3d 626, 631 (3d Cir. 2020).

3

He also claims that his attorney failed to move to dismiss the charges, properly review the plea agreement with him, or heed Manzanillo's desire to go to trial.

But this Court has consistently refused to consider ineffective assistance of counsel claims on direct appeal. See United States v. Morena, 547 F.3d 191, 198 (3d Cir. 2008). "[S]uch claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing." Gov't of Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir. 1984) (emphasis omitted) (quoting United States v. Swinehart, 617 F.2d 336, 340 (3d Cir. 1980)). Instead, a collateral proceeding is better suited to addressing such claims. See United States v. McLaughlin, 386 F.3d 547, 555–56 (3d Cir. 2004).

Though we sometimes find an exception to this rule, this set of claims does not qualify. When "the record is sufficient to allow determination of ineffective assistance of counsel," we may review such claims. United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). Manzanillo alleges that his former counsel misrepresented details of the plea agreement, failed to file dispositive motions, and precluded him from accessing discovery materials. The record before us, however, is silent on each of those issues, which are therefore unresolvable at this time. Manzanillo may instead raise these challenges in a petition for collateral review under 28 U.S.C. § 2255.

B.

Manzanillo also argues that his former counsel should have challenged his sentence, which he says was miscalculated. He asserts that the plea agreement should have assigned him eight fewer levels for the offense level associated with the wire fraud

4

count.  The plea agreement assessed a six-level increase based on an intended loss of more than $40,000, but Manzanillo argues "loss is not intended loss, but actual loss" for sentencing calculations.  Manzanillo Br. 22 (citing United States v. Banks, 55 F.4th 246 (3d Cir. 2020)).  And the agreement included a two-level increase because the scheme involved ten or more victims, but Manzanillo asserts that only "one person suffered actual loss."  Id.  Therefore, while the plea agreement calculated the wire fraud offense level as 15, Manzanillo asserts that it should have been only 7.

Because the record is clear on this matter, we may consider this ineffective assistance claim.  We review such claims under the framework outlined in Strickland v. Washington, which requires a defendant to show both that counsel's performance was deficient and that such deficiency prejudiced him.  466 U.S. 668, 687–88 (1984); see Hill v. Lockhart, 474 U.S. 52, 58 (1985) (applying this framework to challenges to guilty pleas).  In the sentencing context, "[t]he prejudice prong is satisfied 'when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing.'"  United States v. Otero, 502 F.3d 331, 337 (3d Cir. 2007) (quoting United States v. Franks, 230 F.3d 811, 815 (5th Cir. 2000)).  Therefore, Manzanillo "must demonstrate that, but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence." United States v. Booth, 432 F.3d 542, 546–47 (3d Cir. 2005).

Manzanillo cannot meet this burden.  Though his plea agreement calculated the wire fraud offense level as 15, the U.S. Probation Office's calculation was only 9, which the District Court adopted.  Because the highest offense level for Manzanillo's other counts was 23, we agree with the Government that "the offense level of 9 . . . was more

5

than 8 levels lower than the offense levels for the other counts, and so had no effect on the total offense level." Gov't Br. 14; see U.S.S.G. § 3D1.4(c) ("Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level."). The same would be true of an offense level of 7 rather than 9. As a result, Manzanillo's proposed decrease to his wire fraud offense level would not impact his sentencing recommendation under the Guidelines.

The sentencing recommendation would remain unchanged even if the District Court adopted the offense level of 15. Under the Guidelines, a wire fraud offense level of 15 would increase the number of Manzanillo's units by only one-half, from 4 to 4½. See U.S.S.G. § 3D1.4(b) ("Count as one-half Unit any Group that is 5 to 8 levels less serious than the Group with the highest level."). And this extra one-half unit still would not impact his final offense level or, by extension, the ultimate Guidelines recommendation. See id. § 3D1.4 (adding 4 levels when the total number of units is between 3½ and 5). No combination of Manzanillo's recalculations therefore would have increased the likelihood of a lower sentence.

Manzanillo's allegations of deficiency, even if true, would not have altered his sentence. As a result, we must reject his ineffective assistance of counsel claim, as he has failed to satisfy the Strickland prejudice prong.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

6