United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

---

m 06-50458
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHRISTIAN SAMOL FIGUEROA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
m 6:05-CR-212-2

---

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christian Figueroa pleaded guilty of bank robbery and aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2, and he appeals his sentence. We vacate and remand for resentencing.

I.

Figueroa was arrested after a high-speed chase following a bank robbery. He was prosecuted in a Texas state proceeding for various

offenses related to the robbery and was sentenced to fifty years' imprisonment. He was subsequently indicted in federal court for the primary offense of bank robbery and pleaded guilty.

Based on the presentence report, the court found that Figueroa's offense level was 29 and his criminal history score was VI, yielding a guideline range of 151 to 188 months' imprisonment. The government moved for an upward departure based on several uncharged offenses, and Figueroa moved for a downward departure, pursuant to U.S.S.G. § 5G1.3(b), to account for the 15 months he had already spent in state custody for the related offense.

The court departed upward and sentenced him to 240 months' imprisonment to be served concurrently with his state sentence. The departure was based on his use of an illegal weapon and stolen vehicle in the commission of the offense. The court did not address Figueroa's § 5G1.3(b) request at sentencing or in its Judgment in a Criminal Case Order.

## II.

After *United States v. Booker*, 543 U.S. 220 (2005), we continue to review a district court's interpretation of the sentencing guidelines *de novo. United States v. Medina-Argueta*, 454 F.3d 479, 481 (5th Cir. 2006). Before imposing a non-guideline sentence, a court must consider the guidelines. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). This consideration requires that the court calculate the appropriate guideline range. *Smith*, 440 F.3d at 707. The court must justify a departure from the guidelines, and "the farther a sentence varies from the applicable Guideline sentence, the more compelling the justification . . . must be." *Id.*

At issue is whether the district court properly followed the guidelines' requirement that Figueroa be credited with the time he served on his related state conviction before being sentenced in federal court. The guidelines, U.S.S.G. § 5G1.3(b)(1), state that if a defendant has a term of imprisonment resulting from a related offense, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

The commentary elaborates on the appropriate application of this guideline and provides an example. The court should first determine the appropriate sentence according to the guideline range. If credit is due for time already served on a related state charge, that time is then subtracted from the sentence. *See* U.S.S.G. § 5G1.3 comment. (n.2(D)). If time is credited under this section, it should be noted on the Judgment in a Criminal Case Order. *See* U.S.S.G. § 5G1.3 comment. (n.2(C)).

We have held, in a pre-*Booker* case, that the application of § 5G1.3(b) is mandatory. *See United States v. Rangel*, 319 F.3d 710, 714 (5th Cir. 2003). Although *Booker* provides sentencing judges flexibility to depart from the guideline range, it does not allow them to bypass a provision of the guidelines, which still provide an anchor for our evaluation of a sentence's reasonableness. *Booker* does not nullify § 5G1.3(b), and when that section applies, sentencing judges must include its dictates in the calculation of the proper guideline sentence.[1]

---

[1] We need not, and do not, consider whether sentencing courts must, under *Booker*, follow

(continued...)

The government argues that the court actually did grant Figueroa's request for a downward departure and that the ultimate sentence reflects that departure. It bases its position on the court's statement, at sentencing, that it would "abide by the mandate of the guideline range." Accordingly, the government posits that the district court decided to depart upwardly to 255 months before subtracting 15 months for the time already served, to reach an ultimate sentence of 240 months, and that the court did so without explaining its reasoning at sentencing or in the Judgment Order.

Even assuming, *arguendo*, that the government's characterization is accurate, the court did not acknowledge § 5G1.3(b) in its sentencing calculations. Accordingly, we VACATE the sentence and REMAND for resentencing. We express no opinion on what sentence the district court should impose on remand.

---

[1](...continued)
§ 5G1.3(b) and subtract the time served. We conclude only that courts must include the calculation required by this section when determining the proper guideline sentence.