**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jerry Dewitt SMITH, Jr., Defendant–**
**Appellant.**

**No. 11–50221**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 2011.

Alexander Lee Calhoun, Austin, TX, for Defendant–Appellant.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Jerry Dewitt Smith, Jr., appeals the 17–year sentence imposed by the district court following his guilty plea convictions for bank robbery and using and carrying a firearm during a crime of violence, in violation of 21 U.S.C. § 2113(d) and 18 U.S.C. § 924(c), respectively. His sole contention on appeal is that his trial counsel rendered ineffective assistance by failing to object to the 12–year sentence imposed for the firearm conviction. Smith asserts that, under § 924(c)(1)(A)(ii), the correct guideline sentence for the firearm offense is seven years.

As a general rule, "a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Gulley,* 526 F.3d 809, 821 (5th Cir.2008) (internal quotation marks and citation omitted). Thus, we have undertaken to resolve a claim of inadequate representation on direct appeal only when the record is sufficient to allow us to consider the merits of such claims. *See United States v. Cantwell,* 470 F.3d 1087, 1091 (5th Cir.2006). We have, however, reviewed claims of ineffective assistance of counsel on direct appeal in the interest of justice when the record contained all of the

evidence necessary to resolve such claims. *See United States v. Rosalez–Orozco,* 8 F.3d 198, 199 (5th Cir.1993).

In this case, the record discloses the facts necessary to conduct an analysis of Smith's claim of ineffective assistance pursuant to *Strickland v. Washington,* 466 U.S. 668, 689–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *see Massaro v. United States,* 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)—Smith's claim does not require consideration of. matters outside the record. To prevail on his claim, Smith must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Smith's defense. *See Strickland,* 466 U.S. at 689–94, 104 S.Ct. 2052. Such a claim fails if the proponent does not establish either fact. *Id.* at 697, 104 S.Ct. 2052.

Section 2K2.4(b) of the United States Sentencing Guidelines provides that "if the defendant ... was convicted of violating section 924(c) ... the guideline sentence is the minimum term of imprisonment required by statute." Thus, the correct guideline sentence for Smith's firearm offense was the seven-year minimum term of imprisonment specified in § 924(c)(1)(A)(ii). *See* § 924(c)(1)(A). Although a sentence imposed above the minimum term required by § 924(c) "is an upward departure from the guideline sentence," § 2K2.4, cmt. n. 2 (B), the district court here did not give notice that it intended to depart from the Guidelines, but instead expressly stated that it would not depart from the Guidelines.

Given the clear language of both § 924(c)(1)(A) and § 2K2.4(b), counsel's failure to object to the 12–year sentence constituted a deficient performance. *See id.* at 687, 689–90, 104 S.Ct. 2052; *see also*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

*United States v. Grammas,* 376 F.3d 433, 437 (5th Cir.2004) (noting counsel's lack of familiarity with the Guidelines). Further, there is no indication—based on the record or the reasons given by the district court at sentencing—that the district court intended to impose anything other than a guideline sentence. Thus, there is a reasonable probability that if counsel had informed the district court that the 12–year sentence was not the correct guideline sentence, Smith would have received a guideline sentence of seven years for the firearm offense, five years less than the sentence imposed. Counsel's error therefore resulted in prejudice. *See Glover v. United States,* 531 U.S. 198, 204, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Accordingly, the sentence imposed by the district court for the firearm offense is VACATED and the case is REMANDED FOR RESENTENCING.