# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2023

Lyle W. Cayce
Clerk

———————

No. 20-10478

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Brenton Thomas Massey,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1973

———————————————————————

Before Jones, Willett, and Douglas, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:

Prisoner Brenton Massey brings ineffective-assistance-of-counsel claims under 28 U.S.C. § 2255. He was convicted for conspiracy to possess with intent to distribute methamphetamine in the Eastern District of Texas and for being a felon in possession of a firearm in the Northern District of Texas. His claims rest on the argument that his sentence for the latter offense should have been adjusted to reflect the 13 months he had already spent in prison for his first conviction.

No. 20-10478

Massey brought this 2255 petition in the Northern District of Texas, faulting his trial counsel for failing to adequately advocate for "back time" at sentencing and faulting his appellate counsel for not raising the issue on appeal. The magistrate judge recommended that relief be denied. The district judge (the same judge who sentenced Massey in the Northern District) adopted the recommendation, dismissed the claims, and denied a certificate of appealability. This court granted a certificate of appealability, and we now AFFIRM.

It is true that the Sentencing Guidelines call for credit for time served if there are two related offenses. U.S.S.G. § 5G1.3(b). Both parties agree the offenses are related here. Yet the Guidelines are not obligatory, and the judge in the Northern District of Texas instead sentenced Massey under U.S.S.G. § 5G1.3(d). Thus, Massey's sentences were treated as concurrent from the day of the second sentencing but did not account for the 13 months of back time.

None of this means that Massey's lawyers were constitutionally deficient. Massey's trial counsel argued for the application of U.S.S.G. § 5G1.3(b) in a memorandum and noted the argument in open court; he was not constitutionally obliged to do more. Massey's appellate counsel was not deficient for failing to raise the issue because the district court did not contravene any binding case law. Further, even if one or both attorneys were deficient, the district court's subsequent actions make it clear that the defendant was not prejudiced.[1]

---

[1] "When evaluating the denial of a § 2255 motion, the court of appeals reviews factual findings for clear error and conclusions of law *de novo*." *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (citing *United States v. Olvera*, 775 F.3d 726, 728–29 (5th Cir. 2015)). "A claim of ineffective assistance of counsel is a mixed question of law and

No. 20-10478

## I.

To establish ineffective assistance of counsel, a prisoner must make two showings. First, he "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, he "must show that the deficient performance prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Surmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011) (quoting *Padilla*, 559 U.S. at 371, 130 S. Ct. at 1485).

In this case, the trial lawyer adequately presented in his briefing and thereby preserved the argument that his client should be sentenced according to U.S.S.G. § 5G1.3(b). While the argument was imperfect—counsel also sought credit for time Massey spent in custody for a related state charge as well, which Massey was already entitled to under 18 U.S.C. § 3585—it was not constitutionally deficient. The argument put the district court on notice of the back-time request and directed it to the applicable Guideline. Neither the failure of this argument to persuade the district court nor the absence of any further objection to the court's decision suggests that the attorney's conduct was constitutionally deficient. Even "an unsuccessful defense" must enjoy "a strong presumption" of reasonableness. *Nix v. Whiteside*, 475 U.S. 157, 165, 106 S. Ct. 988, 993 (1986). Further, counsel need not

---

fact that this court reviews *de novo*." *Id.* (citing *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012)).

reassert sentencing arguments in order to preserve them for appellate review. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020).

Trial counsel's adequate presentation and preservation of the § 5G1.3(b) issue sets this case apart from those where courts have found ineffective assistance of counsel. In *United States v. Smith*, the defense never raised any argument about how to apply the Guidelines. 454 F. App'x 260 (5th Cir. 2011). Neither party objected to the Guideline range calculated by the probation office, and the defense failed to object when the district court inadvertently departed from that range. *Id.* at 261. Similarly, the basis for finding deficient performance of counsel in *United States v. Carlsen* was the "attorney's failure to advocate for the application of" § 5G1.3(b). 441 F. App'x 531, 535 (9th Cir. 2011). District court cases have followed a similar trendline.[2]

In fact, in every case we are aware of where counsel cited § 5G1.3(b), his or her conduct has been found constitutionally adequate. *See, e.g.*, *United States v. Hoang*, 2016 WL 1392549, at *23 (S.D. Tex. Apr. 8, 2016) (rejecting an argument of deficient performance where "the transcript of the Sentencing Hearing shows that U.S.S.G. § 5G1.3(b) was [] addressed"); *Kriegbaum v. United States*, 2017 WL 4222439, at *7 (W.D. Tex. Aug. 30, 2017). These analogous cases help guide our decision.

Thus, counsel was not constitutionally obliged to re-urge his argument after the district court applied U.S.S.G. § 5G1.3(d). The issue was

_____

[2] *See Cobb v. United States*, 2019 WL 2607002, at *2 (E.D.N.Y. Jan. 11, 2019) (an error regarding § 5G1.3(b) was "not raised at sentencing"); *Schmitt v. United States*, 2018 WL 10669774, at *3 (S.D. Ind. Feb. 26, 2018) (the "lawyer did not argue for" the credit available under the Guidelines). Likewise, defense counsel appears to have made no argument regarding the proper application of § 5G1.3(b) during the trial at issue in *Jones v. United States*, No. 2:19-CV-291, 2019 WL 4060390, at *1 (M.D. Fla. Aug. 28, 2019).

preserved. Moreover, even if we believed that the district court simply mixed up the two provisions, trial counsel evidently did not agree. Applying the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," this was a reasonable belief, as explained below. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. We decline to turn *Strickland*'s "highly deferential" standard on its head by assuming that counsel erred based on a debatable interpretation of the sentencing transcript. *Id.* To find deficient performance under such circumstances would unreasonably second-guess counsel's conduct without any legal basis.

## II.

Massey's theory of prejudice rests on the assumption that the district court meant to sentence Massey under § 5G1.3(b), but it mistakenly sentenced him under § 5G1.3(d), despite having received a written memorandum from counsel that cited subsection (b). Consequently, he believes that the district court would have corrected itself if counsel had objected. We disagree.

The district judge who sentenced Massey also ruled on this § 2255 motion. He adopted the magistrate judge's report, which stated that the district court "appropriately weighed all of [the] options under U.S.S.G. § 5G1.3, including the application of subsection (b) and the related adjustment for time served, and decided to rely instead on subsection (d) to achieve a reasonable punishment." In other words, the district judge had the chance to correct any previous confusion and resentence Massey according to subsection (b). He instead adopted that report, which stated that he "weighed all of [the] options under U.S.S.G. § 5G1.3" and chose to sentence Massey under subsection (d).

This conclusion is bolstered by the legitimate reasons to apply § 5G1.3(d). First, a full application of subsection (b) would have led to a

sentence below the mandatory minimum of fifteen years. 18 U.S.C. § 924(e). Second, as the magistrate judge noted, Massey's case involved time-credit calculations that were difficult to predict. In such cases, the commentary for § 5G1.3 suggests using subsection (d). U.S.S.G. § 5G1.3 cmt. n.4(D).

All of this reinforces the strong presumption that the district judge consciously exercised his sentencing discretion. Massey has not overcome that presumption. He relies on the district court's statement that the sentence would be "fully concurrent" to support his argument that he was prejudiced. But "fully concurrent" does not necessarily mean "according to § 5G1.3(b)." Subsection (d) permitted the sentences to be fully concurrent *going forward*. If "fully concurrent" meant "giving full back time credit," then the district court legally could not have imposed a "fully concurrent" sentence—giving back time would have led to a 175-month sentence, five months below the mandatory minimum. In the face of this legal obstacle and the district judge's own later rulings, we decline to take the phrase "fully concurrent" to mean that the judge confused subsections (b) and (d). *Cf. Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) ("[T]he judge who reviewed [the defendant's] § 2255 motion is the same judge who sentenced him. It is difficult to think of a better source of information about what happened the first time around."); *Dimott v. United States*, 881 F.3d 232, 237 (1st Cir. 2018) ("Although these findings were made during the collateral review process, and not expressly stated at the time of sentencing, we give them due weight because the habeas judge was describing his own decisions at sentencing."); *United States v. Brito*, 601 F. App'x 267, 273 (5th Cir. 2015) ("Since the same judge presided over sentencing and the § 2255 proceeding, she is in the best position to know what she meant by" an ambiguous statement during sentencing).

No. 20-10478

### III.

Appellate counsel was not constitutionally ineffective, either. To succeed, Massey would need to establish that the district court did not exercise its legitimate sentencing discretion and that, if he appealed that issue, the result would more than likely have been different. He attempts to do so by faulting counsel for failing to argue that the district court should have articulated reasons during sentencing as to why it applied § 5G1.3(d) instead of § 5G1.3(b).

"Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 582 U.S. 521, 533, 137 S. Ct. 2058, 2067 (2017). Appellate counsel is responsible for making "solid, meritorious arguments *based on directly controlling precedent*." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (emphasis added). Importantly, "[s]uch directly controlling precedent is rare. Often, factual differences will make authority easily distinguishable, whether persuasively or not. In such cases, it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed." *United States v. Williamson*, 183 F.3d 458, 463 n.7 (5th Cir. 1999).

The was no such "directly controlling" precedent. In 2003, this court held in *United States v. Rangel* that (1) "subsection (b) is mandatory," (2) nevertheless, "the district court retains its discretion to impose a sentence consecutively" through a departure, and (3) if it sentences consecutively, the court "must offer reasons justifying the departure." 319 F.3d 710, 715 (5th Cir. 2003). But that framework no longer applies to § 5G1.3(b) cases because the Supreme Court later ruled that the Guidelines are advisory rather than mandatory. *Booker*, 543 U.S. at 245, 125 S. Ct. at 756. Thus, *Rangel* is not directly controlling for the purposes of finding

deficient performance.  *Cf. United States v. Lagos*, 25 F.4th 329, 337 (5th Cir. 2022) (finding no deficient performance where a previously binding precedent was "superseded by changes to the Guidelines").

In the aftermath of that decision, this court stated in an unpublished opinion that "sentencing judges must include [§ 5G1.3(b)] in the calculation of the proper guideline sentence." *United States v. Figueroa*, 215 F. App'x 343, 344 (5th Cir. 2007); *see also United States v. Estrada*, 312 F. App'x 664, 667 (5th Cir. 2009) ("Even though it was not mandatory for the district court to comply with § 5G1.3(b), the court was still required to consider that subsection as part of its determination of a reasonable sentence."); *United States v. Young*, 2021 WL 4515393, at *7 (5th Cir. Oct. 1, 2021) (vacating and remanding because the district court failed to consider § 5G1.3(b)).

But unpublished opinions "are not precedent." 5TH CIR. R. 47.5.4. Perhaps in some instances, counsel might fall below the constitutional standard of effective advocacy even absent controlling precedent, if the point of law were sufficiently obvious.  *Cf. United States v. Franks*, 230 F.3d 811, 814 (5th Cir. 2000).  But the standard requirement is to raise "arguments based on directly controlling precedent." *Conley*, 349 F.3d at 841.  Where only persuasive authority is cited, this court has generally declined to find that counsel had to raise the argument.  *See, e.g.*, *United States v. Slape*, 44 F.4th 356, 360 & n.2 (5th Cir. 2022); *Schaetzle v. Cockrell*, 343 F.3d 440, 446 (5th Cir. 2003).[3]

––––––––––––––––––––––––––

[3] For the reasons outlined above, Massey's ineffective-assistance-of-counsel claims cannot succeed.  We therefore also conclude that the district court did not abuse its discretion by denying an evidentiary hearing to Massey.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (denial of an evidentiary hearing is reviewed for abuse of discretion).

No. 20-10478

## IV.

For the foregoing reasons, the district court's judgment is AFFIRMED.

No. 20-10478

DANA M. DOUGLAS, *Circuit Judge*, dissenting:

Nearly four decades ago, *Strickland v. Washington* recognized a narrow path to habeas relief: ineffective assistance of counsel. 466 U.S. 668 (1984). On this record, I would find that Massey should have been entitled to habeas relief under *Strickland* and its progeny. Accordingly, I respectfully dissent.

## I. Background

To understand why, we must start at the beginning. On April 5, 2013, Massey was arrested as part of a law enforcement investigation into methamphetamine trafficking in the Dallas metro area. He was initially charged with the Texas state offense of unlawful possession of a firearm by a felon and held in state custody. The state charge was later dismissed. Massey was also indicted in two federal districts—the Eastern District of Texas and the Northern District of Texas—on federal charges arising from the same underlying conduct. He was first indicted in the Northern District in August 2013 for the offense of felon in possession of a firearm. He was then indicted in the Eastern District in September 2013 for the offense of conspiracy to possess with intent to distribute methamphetamine. Massey was represented by the same trial counsel in both federal proceedings. This appeal involves Massey's Northern District sentence.

The Eastern District case was resolved first. Massey pleaded guilty to the drug charge and, on February 11, 2015, was sentenced to 168 months imprisonment. Massey was then transferred to the Northern District, where he pleaded guilty to the felon-in-possession charge in August 2015. Massey's Presentence Report ("PSR") identified the Eastern District drug offense as "relevant conduct" to the Northern District firearm offense, as Massey was carrying the firearm in connection with the drug offense. Based on his prior convictions, the PSR recommended that Massey be sentenced as an armed

career criminal—subject to a 15-year mandatory minimum term of imprisonment—pursuant to 18 U.S.C. § 924(e) and United States Sentencing Guideline ("U.S.S.G.") § 4B1.4(a). Massey objected that the Armed Career Criminal Act ("ACCA") enhancement should not apply to him based on the nature of his prior convictions. The district court overruled the objection, leaving Massey's guidelines range at 188 to 235 months of imprisonment.

Massey submitted a sentencing memorandum to the court asking for a sentence at the bottom of the guidelines range; that the sentence "run concurrent with his conviction for 168 months out of the Eastern District of Texas for Drug Conspiracy as these offenses are related"; and that he "be given back time credit for the instant offense back to the time of his arrest on April 5, 2013." In the memorandum, he cited U.S.S.G. § 5G1.3(b) as "giv[ing] this Court authority to adjust a sentence it would otherwise impose to reflect time a defendant spent in state custody prior to federal sentencing 'if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons'" and asked for "back time credit for three years," referring to the period between his April 2013 arrest and the pending April 2016 sentencing. Massey's PSR did not reference § 5G1.3(b), back time credit, or running the Eastern and Northern District sentences concurrently.

At sentencing, Massey's trial counsel did not explicitly reference § 5G1.3(b), but did twice reiterate his request for concurrent sentences with "back time" credit:

> We're also asking, because this is part of that case out of the Eastern District, that these cases be run concurrent. I'm also asking the court to ensure that the Bureau of Prisons gives him credit for back time going back to April 5th of 2013, when he

No. 20-10478

was arrested for this offense.  That's basically three years worth of back time.

. . .

What we're asking of the court, and I think the government is not opposing, is a low end guideline sentence, Your Honor, that will run concurrent with his sentence out of the Eastern District of Texas, and that he be given credit for back time going back to April 5th, 2013.

The district court sentenced Massey to a term of imprisonment of 188 months, the bottom of the guidelines range, stating that the sentence was "sufficient but not greater than necessary to comply with the purposes for sentencing" and that "there are no factors under Section 3553(a), alone or in combination, that require a sentence that is greater than the minimum advisory guideline range sentence."  The court also stated:

I am going to be ordering the sentence to be served concurrently with the Eastern District sentence when I pronounce the sentence.  The way that I will address the request for back time, is that I will be imposing the concurrent sentence pursuant to guideline 5G1.3D, which will indicate to the Bureau of Prisons that the sentence is fully concurrent. That's the way the court will do that.

. . .

It is ordered that the sentence shall run concurrently with the sentence imposed in Case Number 4:13-CR-00102-7 by the United States District Court for the Eastern District of Texas, Plano Division pursuant to United States Sentencing Guideline 5G1.3D.

On the Judgment in a Criminal Case, the court included a note: "It is ordered that the sentence shall run concurrently with the sentence imposed" in the Eastern District case "pursuant to U.S.S.G. § 5G1.3(d)."  In the "statement of reasons" attached to the Judgment, the district court checked a box

12

indicating that it had given Massey a sentence within the guidelines range and had not departed or varied.

Despite the district court's statement at sentencing that the Northern District sentence was to be "fully concurrent" with the Eastern District sentence, in fact the sentences were only partially concurrent. Due to the method by which the Bureau of Prisons ("BOP") calculates terms of imprisonment, Massey did not receive credit toward the Northern District sentence for the 13 months that he had already spent in federal prison serving the Eastern District sentence. Thus, even though Massey's Eastern District sentence was 168 months, and his Northern District sentence was 188 months, he was actually sentenced to an aggregate term of 201 months—13 months longer than if the sentences were "fully concurrent."

On direct appeal, Massey raised a single argument, claiming that he was ineligible for the ACCA enhancement because his prior Texas conviction for attempted taking of a weapon from a peace officer was not a qualifying "violent felony." This court rejected his argument and affirmed his conviction and sentence. *United States v. Massey*, 858 F.3d 380 (5th Cir. 2017). Massey claims that he also alerted his appellate counsel to the § 5G1.3 issue. In any event, Massey did not challenge the district court's application of § 5G1.3 in his direct appeal.

Thereafter, Massey filed a *pro se* motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. In his motion, Massey asserted that (1) his trial counsel was constitutionally ineffective for failing to object when the trial court did not sentence him pursuant to § 5G1.3(b), with an adjustment for time served; (2) the district court abused its discretion by instead sentencing him pursuant to § 5G1.3(d); and (3) his appellate counsel was constitutionally ineffective for failing to raise this sentencing issue on appeal.

No. 20-10478

The motion was referred to a magistrate judge, who recommended that the district court deny the motion. The magistrate judge correctly observed that Massey's claim that the district court misapplied the Sentencing Guidelines was not cognizable on habeas review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). As to Massey's claim of ineffective assistance of trial counsel, the magistrate judge recommended that the motion be denied because, even assuming that trial counsel was deficient, Massey had not shown that he was prejudiced. The magistrate judge then concluded that appellate counsel had not been deficient. Finally, having determined that Massey's claims lacked merit, the magistrate judge recommended that the district court deny Massey's request for an evidentiary hearing. Overruling Massey's objections, the district court adopted the magistrate judge's recommendations, denied Massey's § 2255 motion, and denied a certificate of appealability ("COA").

Massey then sought a COA in this court, which granted a COA on two issues: "(1) whether trial counsel rendered ineffective assistance in regard to the calculation and imposition of Massey's sentence, including the application of U.S.S.G. § 5G1.3; and (2) whether appellate counsel rendered ineffective assistance by failing to raise this sentencing issue on appeal." The court also clarified that a COA is not required to appeal the denial of an evidentiary hearing. Additionally, the court appointed Massey pro bono counsel.

## II. Discussion

"To establish ineffective assistance, [a defendant] must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the results of the proceedings would have been different without the attorney's errors." *United States v.*

14

*Franks*, 230 F.3d 811, 813 (5th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). In my view, Massey meets both requirements.

### A. Deficient Performance

To begin with, Massey's trial counsel's representation was deficient. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. "We assess reasonableness 'from counsel's perspective at the time of the alleged error and in light of all the circumstances.'" *United States v. Scott*, 11 F.4th 364, 369 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 827 (2022) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Williamson*, 183 F.3d at 462. Counsel's failure to object to a district court's erroneous application of the Sentencing Guidelines can constitute deficient performance. *See Franks*, 230 F.3d at 814; *United States v. Smith*, 454 F. App'x 260, 261–62 (5th Cir. 2011); *see United States v. Grammas*, 376 F.3d 433, 437 (5th Cir. 2004) (counsel's "lack of familiarity with the Guidelines" fell below *Strickland's* objective reasonableness standard).

While our court has yet to consider the precise circumstances presented by this case, federal district courts in and out of this circuit have considered similar ineffective-assistance-of-counsel claims involving § 5G1.3(b). For example, in *Cobb v. United States*, the defendant was sentenced in two different federal districts for related criminal conduct, but the second sentencing court did not adjust his sentence to account for time already served on the first sentence. No. 1:09-CV-916, 2019 WL 2607002, at *2 (E.D.N.Y. Jan. 11, 2019). On collateral review, the court ruled that counsel's failure to object when the district court did not adjust the defendant's sentence pursuant to § 5G1.3(b) "demonstrate[d] a lack of

familiarity with the Guidelines sufficient to meet the first prong of *Strickland*," notwithstanding that counsel "was a zealous and otherwise effective advocate." *Id.* at *3; *see also Jones v. United States*, No. 2:19-CV-291, 2019 WL 4060390, at *1–3 (M.D. Fla. Aug. 28, 2019) (finding deficient performance and prejudice when district court erroneously calculated the sentence adjustment for time served on a related state sentence under § 5G1.3(b) and counsel did not object, resulting in eight additional months of imprisonment); *Schmitt v. United States*, No. 3:15-CV-5, 2018 WL 10669774, at *2–3 (S.D. Ind. Feb. 26, 2018) (finding deficient performance when counsel did not argue for credit for time served on related state sentence pursuant to U.S.S.G. § 5K2.23, which is analogous to § 5G1.3(b) but applies when the state sentence is already discharged); *Kriegbaum v. United States*, No. 3:17-CV-252, 2017 WL 4222439, at *5–7 (W.D. Tex. Aug. 30, 2017) (finding no ineffective assistance where counsel "vigorously argued" for application of § 5G1.3(b)); *Hoang v. United States*, No. 4:15-CV-2451, 2016 WL 1392549, at *9–10, 16, 23 (S.D. Tex. Apr. 8, 2016) (finding no ineffective assistance where counsel's § 5G1.3(b) argument showed "familiarity with the sentencing guidelines").

The Ninth Circuit also considered this issue in *United States v. Carlsen* and held that counsel performed deficiently by not making a § 5G1.3(b) argument when the defendant was serving an undischarged state sentence for a related offense at the time of his federal sentencing. 441 F. App'x 531, 534–35 (9th Cir. 2011). Unlike the present case, however, in *Carlsen* the government conceded that counsel had been ineffective by failing to raise the argument. *Id.* at 535. Here, the government asserts that Massey's counsel *did* make a § 5G1.3(b) argument and therefore was not deficient. I agree that counsel initially raised the issue, but this is not the end of the matter.

It is true that Massey's counsel cited § 5G1.3(b) in a sentencing memorandum to the court and argued for "back time credit for the instant

offense back to the time of his arrest on April 5, 2013." The sentencing memorandum, however, referred to the district court's "authority to adjust a sentence it would otherwise impose to reflect time a defendant spent *in state custody* prior to federal sentencing" (emphasis added), rather than referring to the court's authority to adjust a sentence to reflect time spent *in federal custody* on a related federal sentence prior to sentencing. Pursuant to 18 U.S.C. § 3585 and BOP procedures, Massey was already entitled to credit for time spent in custody from the date of his state arrest on April 5, 2013, to the date of his *first* federal sentencing (the one imposed in the Eastern District) on February 11, 2015. In the instant Northern District sentencing, then, the issue was whether and how Massey would receive credit for time spent in federal custody from February 11, 2015, to the date of his *second* federal sentencing on April 1, 2016—an overlap of approximately 13 months. At sentencing, counsel again referred to credit for back time going back to April 2013, the date of his state arrest. Counsel's sentencing memorandum and argument at sentencing therefore misstated the key issue by not specifying the need for credit for the period served between his first and second federal sentencings. Relatedly, counsel did not make a request for an adjustment of a specific amount of time to account for time served on the Eastern District sentence, but instead made a general request for credit for back time going back to April 2013.

To make matters worse, counsel also failed to object when the district court sentenced Massey pursuant to § 5G1.3(d), without calculating any sentence adjustment for the time already served on the Eastern District sentence that would not be credited by BOP, and without mentioning the applicable guideline, § 5G1.3(b), at all, nor giving reasons for deviating from it. Considering the circumstances, this specific omission—the failure to object—*was* deficient and fell below an objective standard of reasonableness.

No. 20-10478

Our caselaw holds that it is error for a sentencing court to not consider § 5G1.3(b) when calculating the guideline sentence if the section is applicable, as it was here. *See United States v. Rangel*, 319 F.3d 710, 714–15 (5th Cir. 2003); *United States v. Figueroa*, 215 F. App'x 343, 344 & n.1 (5th Cir. 2007) (citing *Booker*, 543 U.S. 220 (2005)); *see also United States v. Estrada*, 312 F. App'x 664, 667 (5th Cir. 2009) ("Even though it was not mandatory for the district court to comply with § 5G1.3(b), the court was still required to consider that subsection as part of its determination of a reasonable sentence."); *United States v. Young*, No. 20-30492, 2021 WL 4515393, at *7 (5th Cir. Oct. 1, 2021); *cf. Franks*, 230 F.3d at 814 (holding that failure to object to sentencing enhancement fell below the objective standard of reasonableness, even absent controlling Fifth Circuit precedent, because three other circuits had held that enhancement was improper on same facts). In such a case, if the sentencing court deviates from § 5G1.3(b), it must give reasons. *See Rangel*, 319 F.3d at 715; *see also Estrada*, 312 F. App'x at 667–68. Here, the district court did not indicate that it was deviating from the guidelines, nor give reasons, but instead stated its intention that Massey receive a "fully concurrent" sentence, which is what § 5G1.3(b) prescribes.[1] But the district court then cited § 5G1.3(d), not (b), and did not make the adjustment necessary to render the sentence "fully concurrent." Further, the court stated that its reference to § 5G1.3(d) would "indicate to the Bureau of Prisons that the sentence is fully concurrent," when in fact the BOP lacked the statutory authority to affect a fully concurrent sentence and

---

[1] As discussed further in the next section concerning prejudice, the district court indicated that it was following the guidelines. Immediately prior to mentioning § 5G1.3, the district court stated that a 188-month sentence, the bottom of the guidelines range, was sufficient but not greater than necessary, and in its "statement of reasons," the court checked the box indicating that it had given Massey a sentence within the guidelines range and had not departed or varied

the district court lacked the authority to order it to do so. *See* 18 U.S.C. § 3585(b); *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017); *In re United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019). Given all the above circumstances, Massey's counsel should have objected at that point.

Though neither party briefed the issue before our court, the fact that Massey was subject to a 180-month statutory minimum sentence does not change the foregoing analysis. First, even with the statutory minimum, § 5G1.3(b) was still the applicable guideline and the district court still had room to effectuate a § 5G1.3(b) adjustment of eight months. *See Smith*, 950 F.3d at 288–89; *Hankton*, 875 F.3d at 793–94. Second, the presence of the statutory minimum does not change that the district court's stated intent was to follow the guidelines and give Massey a "fully concurrent" sentence, even if, as explained above, the statutory minimum would have in fact prevented the district court from doing so by limiting the § 5G1.3(b) adjustment to eight months instead of 13 months.

Our court has found ineffective assistance on similar facts in the context of other guidelines. For example, in *United States v. Smith*, the district court gave no indication or notice of an intent to depart upward from the guidelines, but then mistakenly sentenced the defendant to 12 years when the guideline sentence was seven years. 454 F. App'x at 261. We held that counsel's failure to object to the 12-year sentence was constitutionally deficient performance given that the clear language of the guidelines mandated a sentence of seven years. *Id.* Similarly, here the district court did not indicate that it was going to vary from the guidelines or depart upward, but then sentenced Massey to more time than he would have served under the guidelines. Counsel should have objected.

*Jones v. United States*, a Florida federal district court case involving § 5G1.3, provides another useful comparison. In *Jones*, the defendant was already serving a 72-month state sentence for related conduct at the time of his federal sentencing. The district court, seeking to run the federal sentence "concurrent and coterminous" with the state sentence, determined the appropriate sentence based on the guidelines range, subtracted time already served on the state sentence, imposed the adjusted federal sentence, and noted on the judgment that the sentence adjustment was pursuant to §5G1.3(b). 2019 WL 4060390, at *1. In doing so, the district court attempted to follow the guidelines. But the district court's adjustment inadvertently did not account for the fact that the BOP would not credit the defendant's federal sentence with the eight months of time served between his first appearance in federal court and his sentencing, and counsel did not object to the district court's calculation. *Id.* at *2. Upon discovering that his federal sentence would end eight months after his state sentence, not "concurrent and coterminous," defendant filed a § 2255 motion asserting that counsel was ineffective for failing to object to the district court's miscalculation at sentencing. *Id.* The district court granted the § 2255 motion and explained that it was ineffective assistance for counsel to not object when the district court imposed a sentence that did not comport with its stated intent of a "concurrent and coterminous" guideline sentence. *Id.* at *3.

Massey's case shares material similarities with *Jones*. In both cases, counsel was deficient specifically for failing to object to the district court's imposition of the sentence, rather than for failing to raise the sentencing issue altogether. And, in both cases, the basis for counsel's objection would have been that the sentence imposed did not align with the sentencing court's stated intent of a sentence that followed the guidelines: In *Jones*, the district court miscalculated by eight months the § 5G1.3(b) adjustment needed to render the federal sentence "concurrent and coterminous" with the state

sentence; here the district court did not make any § 5G1.3(b) adjustment, but instead stated that a § 5G1.3(d) sentence would indicate to the BOP that the sentences were "fully concurrent," when in fact the BOP did not have the ability to make the sentence "fully concurrent." Like counsel in *Jones,* Massey's counsel was deficient for failing to object to the district court's sentence because it is clear from the guidelines and caselaw that a § 5G1.3(d) sentence, with no adjustment, would result in a longer sentence than if the district court had sentenced Massey under § 5G1.3(b), with an adjustment, which would have also been consistent with the guidelines and the district court's stated intent of a "fully concurrent" sentence.[2]

As is apparent from this caselaw, "[c]onfusion sometimes arises . . . when a defendant requests that the district court award credit for time served" given the complicated interaction between the BOP's statutory authority, its computation manual, the Sentencing Guidelines, and the district court's residual authority to exercise discretion in crafting an appropriate sentence. *See In re United States Bureau of Prisons, Dep't of Just.*, 918 F.3d at 439.

The majority opinion nevertheless attempts to distinguish Massey's case, pointing out that his counsel at least raised the § 5G1.3(b) issue in his sentencing briefs. However, we measure attorney competence based on "all the circumstances"—not "mechanical rules" or "checklist[s] for judicial evaluation." *Strickland*, 446 U.S. at 688, 696. Yet the majority opinion insists on just that. It says that counsel's cursory mention of Section 5G1.3(b)

---

[2] As discussed above, this is so even though § 924(e)'s statutory minimum would have limited the § 5G.3(b) adjustment to eight months and prevented the district court from achieving its stated intent of a "fully concurrent" sentence.

in his briefing—no matter how "imperfect"—preserved the issue for appeal. Maj. Op. at 3-4. And that was enough under *Strickland*. Maj. Op. at 4-5.

I do not agree. No client or jurist would expect an attorney's duty to vigorously defend their client to end when an issue is briefed. Nor is there any reason to read these cases so narrowly. Take *Smith* and *Carlsen*, for example. Neither case rested its decision on counsel's failure to brief the issue; *Smith* doesn't even mention this failure anywhere in the opinion. And it is not hard to see why. At bottom, *Strickland* teaches that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 696. The failure to object to an error in a proceeding impugns its fairness no matter the briefing.

In sum, I have little doubt that counsel—who represented Massey in both the Eastern District and Northern District proceedings—was "a zealous and otherwise effective advocate." *See Cobb*, 2019 WL 2607002, at *3. Nonetheless, under the circumstances and for all the reasons discussed above, I would hold that counsel was deficient for failing to object when the district court did not sentence Massey pursuant to subsection (b) with an adjustment for time served.

## B. Prejudice

Massey was also prejudiced by trial counsel's failure to object. Even a day that is spent incarcerated is enough to establish prejudice. *See Grammas*, 376 F.3d at 437. If Massey received credit for time served under Section 5G1.3(b), he would have spent 8 months less in prison.

The majority opinion responds that the district judge may have nevertheless had "legitimate reasons to apply § 5G1.3(d)" instead, since Massey's case was complex. Maj. Op. at 6; *see* U.S.S.G. § 5G1.3(d) cmt., n.3(D).

I disagree. At issue were two convictions: trafficking methamphetamine and being a felon in possession. Those charges are not unusual in this circuit. Nor is it "difficult to predict" Massey's credit for time served. Maj. Op. at 6. There is no suggestion that his terms of incarceration would "call for the application of different rules." U.S.S.G. § 5G1.3(d) cmt., n.3(D). All the district court would need to do is calculate the time Massey spent in prison for his drug crime (13 months), subtract that figure from the sentence he received for being a felon in possession (188 months) and, if the resulting total falls below the statutory minimum (180 months), increase it accordingly. That is hardly a complicated exercise in arithmetic.

This conclusion is bolstered by the fact that the district court did not mention § 5G1.3(b) at sentencing at all and did not provide reasons to justify deviating from the applicable guideline as required and applying § 5G1.3(d) instead. Rather, the sentencing transcript suggests that the district court intended to follow the guidelines; the court stated that "a sentence at the bottom of the advisory guideline range of 188 months is sufficient but not greater than necessary to comply with the purposes for sentencing" and that "there are no factors under Section 3553(a), alone or in combination, that require a sentence that is greater than the minimum advisory guideline range sentence." In the same vein, the "statement of reasons" attached to the Judgment suggests that the district court thought it was following the guidelines—because the court checked the box indicating that it had given Massey a sentence within the guidelines range and had not departed or varied—when it had actually deviated from the applicable guideline by applying subsection (d) instead of (b). On the whole, the record suggests that

the district court's reliance on subsection (d) instead of (b) may have been inadvertent.[3]

Thus, I agree with Massey that there is at least a reasonable probability that the court would have applied subsection (b) and he would have received a shorter sentence had counsel objected at sentencing. Therefore, Massey has also shown prejudice, and is entitled to relief on his claim of ineffective assistance of trial counsel.

## C. Ineffective Assistance of Appellate Counsel

I would also find that appellate counsel gave deficient performance. "The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *Williamson*, 183 F.3d at 462. Claims of ineffective assistance of appellate counsel are analyzed using the same two-part *Strickland* test applicable to trial counsel. *Id.*

"Appellate counsel is not deficient for not raising every non-frivolous issue on appeal," *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004), but "[s]olid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 463. "Thus, to determine whether [Massey's] appellate counsel's performance was substandard, we must consider whether [his] challenge . . . has sufficient merit such that his counsel was deficient in failing to raise the issue on appeal." *Reinhart*, 357 F.3d at 525. Under our caselaw, a sentencing court's failure to consider § 5G1.3(b) at sentencing is reversible error. *See Rangel*, 319 F.3d 710, 714–15; *Figueroa*, 215 F. App'x at 344 & n.1; *Estrada*,

---

[3] Massey also characterizes the district court's statements at sentencing as being "sympathetic" towards him. The record supports his interpretation. At one point, the district court gave Massey "words of encouragement." At another, the court spoke favorably about Massey's chances for rehabilitation. Though these statements are not dispositive in determining the district court's intent, they provide additional context.

312 F. App'x at 667; *Young*, No. 20-30492, 2021 WL 4515393, at *7. By failing to raise this clearly meritorious issue, appellate counsel performed deficiently. *See Williamson*, 183 F.3d at 463 (finding deficient performance when "cases squarely addressed an issue exactly on point" and appellate counsel "fail[ed] to cite directly controlling precedent").

It is true that these authorities are unpublished. However, "the absence of directly controlling precedent does not preclude a finding of deficient performance." *United States v. Phea*, 953 F.3d 838, 842 (5th Cir. 2020) (per curiam); *see United States v. Juarez*, 672 F.3d 381, 387, 389 (5th Cir. 2012) (even where there was "[n]o Fifth Circuit case law" in support, counsel's failure to look up persuasive, non-binding out-of-circuit authority—both published and unpublished—was deficient considering prevailing professional norms); *Franks*, 230 F.3d at 814 (counsel's failure to research and argue persuasive, out-of-circuit authority amounted to deficient performance).

The Guidelines also require sentencing courts to consider § 5G1.3(b). To be sure, the Guidelines are advisory under *United States v. Booker*, 543 U.S. 220, 225-26 (2005). But *Booker* only excised the "duty to *apply* the guidelines, [not] the duty pursuant to § 3553(a) to '*consider*' the sentencing range established" by the Guidelines. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (emphasis added). That duty is mandatory and set by statute. *See* 28 U.S.C. § 3553(a)(4) (stating that sentencing courts "*shall* consider," among others, "the kinds of sentence and the sentencing range . . . set forth in the [sentencing] guidelines." (emphasis added)).

That is why, post-*Booker*, we require "district courts [to] properly calculate the applicable guidelines range before imposing a sentence." *United States v. Olarte-Rojas*, 820 F.3d 798, 805 (5th Cir. 2016). Section 5G1.3(b) is key to that calculation. To determine the "guideline range as set

forth in . . . 18 U.S.C. § 3553(a)(4)," the Guidelines point to "Parts B through G of Chapter Five"—which includes Section 5G1.3(b).    U.S.S.G. § 1B1.1(a)(8).

Further, Massey was prejudiced by appellate counsel's deficient performance.  Had Massey's appellate counsel raised the issue on direct appeal, there is a reasonable probability that our court would have vacated and remanded for resentencing.  *See Figueroa*, 215 F. App'x at 344 & n.1; *Young*, No. 20-30492, 2021 WL 4515393, at *7.  Therefore, in my view, Massey has also shown a meritorious claim of ineffective assistance of appellate counsel that independently warrants relief.

## III. Conclusion

In sum, I believe Massey should have been entitled to habeas relief.  I thus respectfully dissent.