# United States Court of Appeals for the Fifth Circuit

_____

No. 23-60386
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Terrance Carvell Guinn,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:23-CV-48

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Terrance Carvell Guinn, a former federal prisoner, moves for a certificate of appealability (COA) to appeal the denial of his motion challenging his conviction for possession of a firearm by a convicted felon; in his motion, he sought relief under 28 U.S.C. § 2255 and coram nobis relief under 28 U.S.C. § 1651. Guinn contends that the district court erred by

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60386

(i) dismissing the § 2255 claim because he has completed his sentence and (ii) determining that his request for coram nobis relief is barred by his prior waiver of his right to challenge his conviction in a postconviction proceeding.

To obtain a COA with respect to the denial of a § 2255 motion, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court has denied a request for habeas relief on procedural grounds, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Guinn fails to make the necessary showing. *See id.* Accordingly, his motion for a COA as to the claim for § 2255 relief is DENIED. In light of this failure, we do not reach whether the district court erred by denying an evidentiary hearing on this claim. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020).

Because Guinn is not required to obtain a COA to appeal the denial of his claim for coram nobis relief, we DENY a COA on this claim as unnecessary. *See* 28 U.S.C. § 2253(c)(1)(B). Guinn fails to raise a nonfrivolous argument either that the district court erred by holding that the postconviction waiver barred his coram nobis claim, *see United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020), or that the court abused its discretion by denying this claim without first conducting an evidentiary hearing, *see United States v. Massey*, 79 F.4th 396, 402 n.3 (5th Cir. 2023). Accordingly, we DISMISS as frivolous his appeal from the denial of coram nobis relief. *See* 5TH CIR. R. 42.2.