# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2024

Lyle W. Cayce
Clerk

No. 23-10853

United States of America,

*Plaintiff—Appellee*,

*versus*

Carol Monic Barajas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-833

_____

Before Clement, Graves, and Willett, *Circuit Judges*.

Per Curiam:[*]

Carol Monic Barajas, proceeding *pro se*, appeals a district court order and judgment denying her motion under 28 U.S.C. § 2255 to vacate her sentence based on ineffective assistance of counsel. Because the district court did not abuse its discretion in denying an evidentiary hearing on the motion, and because it did not err in denying the motion on the merits, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10853

I

Barajas was charged by criminal complaint with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(B). She was arrested, and Pamela Fernandez was appointed as her counsel.

Before Barajas was indicted, the Government offered her a plea agreement under which she would plead guilty to conspiracy to possess a controlled substance with intent to distribute, which carries a maximum sentence of 20 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). Fernandez met with Barajas several times to discuss the Government's offer.

Barajas refused the offer, and she was indicted on the charge of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, which carries a minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

On the same day as the indictment, the district court received a letter from Barajas, dated from the previous week, informing the court of the "current issues" she was having with Fernandez and requesting a new attorney. In the letter, Barajas stated that Fernandez:

> refuses to fully help me to understand my rights. She refuses to present any evidence that pertains to the charges being filed against me. I feel she is pressuring me to sign something I don't fully understand. She gets angry and yells at me. . . . [She] refuses to let me speak to the U.S. Marshal[]s or D.E.A. agents.

The court ordered Fernandez to meet with Barajas to attempt to resolve their differences. After that meeting, Fernandez filed a report largely disputing the allegations in Barajas's letter. She also filed, at Barajas's

request, a motion to withdraw as counsel. The district court held a hearing on the motion to withdraw and denied the motion.

Shortly after the hearing, the Government offered a new agreement, which would have allowed Barajas to plead guilty to a superseding indictment carrying a potential sentence of five to 40 years' imprisonment. Barajas again refused.

The district court later granted a subsequent motion by Barajas to substitute Fernandez with retained counsel.

Barajas ultimately pleaded guilty to the indictment. She was sentenced to 400 months' imprisonment.

Proceeding *pro se*, Barajas appealed. We dismissed her direct appeal as frivolous. *United States v. Barajas*, No. 20-10573, 2022 WL 613154, *1 (5th Cir. Mar. 2, 2022). She then filed a motion in the district court to vacate her sentence under § 2255 based on ineffective assistance of counsel. She argued that Fernandez failed to provide her with accurate advice regarding the plea agreement and unreasonably delayed in clarifying and relaying its terms to her, and as a result her sentencing exposure significantly increased. In support of her § 2255 motion, Barajas attached a declaration, claiming that Fernandez "refus[ed] to explain the prosecution's formal plea offer," "attempted to coerce" her into signing the agreement, "refused to discuss" cooperation with the Government, and engaged in "abusive behavior."

In response, the Government filed an affidavit by Fernandez, in which Fernandez strongly denied Barajas's allegations. Notably, Fernandez averred that after the hearing on the motion to withdraw, she again asked Barajas if she would be willing to accept the original plea agreement or the Government's revised agreement, and Barajas refused.

The district court determined that an evidentiary hearing was unnecessary and denied Barajas's § 2255 motion, holding that she failed to demonstrate that she received ineffective assistance of counsel under the requirements of *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). It also denied a certificate of appealability.

Barajas timely filed a notice of appeal, and we granted her a certificate of appealability on a single question:

> Did the district court err or alternatively abuse its discretion by denying Mrs. Barajas's claim that counsel was constitutionally ineffective during the plea negotiation stage, where the record featured dueling affidavits and did not conclusively negate the factual predicates for the claim, and where no evidentiary hearing was held?

## II

When evaluating denial of a § 2255 motion, we review the district court's factual findings for clear error and its conclusions of law *de novo*. *United States v. Massey*, 79 F.4th 396, 399 n.1 (5th Cir. 2023). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*. *Id.* We review the district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

## III

The district court did not abuse its discretion by refusing to grant an evidentiary hearing, and it properly denied Barajas's § 2255 motion. District courts may forgo an evidentiary hearing in deciding a § 2255 motion "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing[.]"). But an evidentiary hearing may be required to resolve factual issues if the record consists only of "dueling affidavits." *United States v. Jolley*, 252 F. App'x 669, 671 (5th Cir. 2007); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981).

Barajas argues that her case is, like *Jolley*, one of "dueling affidavits"—specifically, her declaration attached to the § 2255 motion dueling against Fernandez's affidavit in response. But, to the contrary, the record here did not consist *only* of the dueling affidavits. *Cf. Jolley*, 252 F. App'x at 670–71. There was ample evidence in the record beyond the affidavits to support the district court's denial of Barajas's motion, including testimony from the prior hearing on Fernandez's motion to withdraw and Barajas's own statements at her rearraignment hearing. An evidentiary hearing wasn't required because this evidence conclusively established that Barajas's § 2255 motion failed on the merits. *See, e.g.*, *United States v. Cervantes*, 132 F.3d 1106, 1108, 1111 (5th Cir. 1998) (finding evidentiary hearing not required where affidavits were effectively refuted by other evidence in the record, including defendant's own statements under oath at prior hearing); *cf. United States v. White*, 715 F. App'x 436, 438 (5th Cir. 2018) (finding evidentiary hearing required where there was no evidence in the record aside from the § 2255 motion).

To conclusively establish ineffective assistance of counsel, a defendant first "must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In the context of plea bargaining, this means counsel must fulfill the duty to her client to "promptly communicate and explain" any offers from the government. *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (quotation marks and citations omitted) ("[A]s a

general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

The record, including substantial evidence beyond the competing affidavits, conclusively establishes that Fernandez promptly communicated and explained the Government's initial plea offer to Barajas. For example, Barajas's own declaration concedes that Fernandez met with her "several times" to discuss the plea agreement. Evidence outside the affidavits confirms that these meetings occurred. Fernandez's report filed before the hearing on her motion to withdraw stated that she met with Barajas six times before the indictment to discuss the plea agreement. And both Barajas and Fernandez reiterated by sworn in-court statements that they had met several times to discuss the agreement.

Barajas's in-court statements at the motion to withdraw hearing also indicated that Fernandez had adequately explained the plea agreement at those meetings. Barajas told the court that Fernandez told her she'd be "facing 20 years" under the agreement, but if she took her case to trial, she'd be facing a sentence up to life. She said Fernandez also told her that, if she accepted, she'd likely be facing the higher end of the maximum 20-year sentence. These statements make clear that Fernandez had adequately made Barajas "aware of the relevant circumstances and the likely consequences of [her] decision so that [she] [could] make an intelligent choice." *United States v. Rivas-Lopez*, 678 F.3d 353, 356–57 (5th Cir. 2012).

The record beyond the affidavits also shows that, at the time, neither Barajas nor others close to the case believed that Fernandez's counsel was inadequate. The attorney appointed to Barajas for the purpose of the motion to withdraw hearing agreed that he hadn't seen anything to "indicate Ms. Fernandez is not doing what she would be expected to do." And the district

court, in denying the motion, stated that it had not "heard anything to indicate that Ms. Fernandez ha[d] not done what she should do in representing" Barajas. Even Barajas herself, weeks later at her rearraignment, told the district court that she did not have "any complaint whatsoever" with Fernandez or "anything [Fernandez] has done or failed to do."

Based on this evidence—the bulk of which is outside of the competing affidavits—we find that the district court didn't abuse its discretion in refusing to hold an evidentiary hearing and didn't err in holding that Barajas hadn't shown that Fernandez's counsel was deficient.

Even if we assume Fernandez's counsel was deficient, Barajas still hasn't established a valid claim for ineffective assistance of counsel. Under *Strickland*, she must make a secondary showing "that the deficient performance prejudiced" her such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 689, 694. Barajas hasn't made that showing.

In the context of plea bargaining, to show prejudice, the defendant must establish a reasonable probability that, had she been afforded effective assistance of counsel, (1) she would have "accepted the earlier plea offer"; (2) the offer "would have been entered without the prosecution [revoking] it or the trial court refusing to accept it"; and (3) the agreement would have led to "a lesser charge or sentence." *Frye*, 566 U.S. at 147.

The record, including substantial evidence beyond the competing affidavits, conclusively establishes that Barajas was not prejudiced. Nothing in the record shows that, even with effective assistance, Barajas would have accepted the Government's plea offer. In fact, the record shows she explicitly rejected the agreement multiple times. After the hearing on the motion to

withdraw, when the plea agreement had been fully explained to Barajas, Barajas rejected Fernandez's offer to ask if the Government would re-offer the original agreement. And when Fernandez communicated future offers from the Government, including an offer to limit her sentencing exposure to five to forty years, Barajas refused to even speak to Fernandez.

Emails between Fernandez and the Government confirm that Barajas considered but did not want to accept a plea offer. On the day Fernandez received the Government's offer, she emailed the assistant U.S. attorney to explain that she had told Barajas about the offer and Barajas would "let [Fernandez] know" whether she would accept. Two days later, Fernandez emailed again that Barajas "does not want to sign the paperwork." Four days later, after asking the AUSA if he would "reconsider" a better offer, Fernandez informed him that she "went again" to see Barajas and "her final answer is she is not signing." Barajas has not provided anything to rebut the credibility of these contemporaneous emails, other than her conclusory affidavit. And we need not give weight to an affidavit that is "speculative, conclusory, plainly false, or contradicted by the record." *United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015) (citing *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013)).

There is thus credible testimony that Barajas rejected the plea agreement on multiple occasions. Because Barajas "knew of the plea offer and specifically rejected it," she cannot establish a reasonable probability that any deficient performance by Fernandez caused her ultimately to receive a higher sentence. *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).

Likewise, there is nothing in the record to support that there was a reasonable probability that, but for Fernandez's allegedly inadequate counsel, the plea agreement offered to Barajas "would have been entered without the prosecution [revoking] it or the trial court refusing to accept it."

*Frye*, 566 U.S. at 147. The plea agreement offered to Fernandez contained a waiver of appeal. And at the hearing on Fernandez's motion to withdraw, the district court explicitly stated that it "wouldn't have accepted a plea agreement with a waiver of appeal. . . . The government knows it, so I don't know why they keep putting them in plea agreements and then they have to strike them out." Clearly, the district court would not have accepted the plea agreement as-is. It is entirely speculative that the district court would have *sua sponte* struck the appeal waiver from the plea agreement and otherwise accepted it. Rather, the district court indicated that the onus would have been on the Government to strike the appeal waiver, which requires further speculation that the Government would have left the plea agreement otherwise unscathed. Barajas thus cannot show prejudice because there is not a "reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.*

The *Strickland* requirements are a "high bar," and the record evidence, including and beyond the competing affidavits filed with her § 2255 motion, shows that Barajas failed meet them. *See Massey*, 79 F.4th at 399 (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) and *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). The district court thus did not err in denying Barajas's § 2255 motion, and an evidentiary hearing was not required.

We AFFIRM.